UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| FAITH TWYMAN and JORGE GALLINAT, *on behalf of themselves and those similarly situated,*<br><br>　　　　　　　　　Plaintiffs,<br><br>vs.<br><br>RETAIL RECOVERY SERVICE OF NJ, INC.; DAVID KAPLAN; RAYMOND F. MEISENBACHER, JR.; THOMAS M. MEISENBACHER; RAYMOND MEISENBACHER & SONS, ESQS., P.C.,<br><br>　　　　　　　　　Defendants. | **Civil Action No. 2:16-cv-02910-SCM**<br>(and Consolidated Case No. 3:16-cv-08390-MAS-LHG)<br><br><br>**ORDER GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT AGREEMENT** |

**THIS MATTER** having come before the Honorable Steven C. Mannion, U.S.M.J., at a Fairness Hearing to determine whether the proposed Settlement Agreement between the parties is fair, reasonable and adequate, to consider Class Counsel's application for an award of attorneys' fees and costs, and to consider the service awards to the Plaintiffs; and the Plaintiffs and Settlement Class members being represented by Class Counsel and Defendants being represented by their attorneys;

**AND THE COURT,** having read and considered the parties' Settlement Agreement and all the papers appurtenant thereto submitted by the parties and filed by Class Counsel, having reviewed and considered Plaintiffs' brief and the declarations submitted in support of the application, the oral arguments of counsel presented to the Court, if any, and all papers filed and proceedings had herein, and for good cause appearing, the Court finds the following:

1. On April 4, 2020, the Court preliminary approved the class settlement in this action where Plaintiffs alleged violations of the Fair Debt Collection Practices Act, 15 *U.S.C.* §1692 *et seq*. (ECF No. 84). After the parties' joint request to amend the Preliminary Approval Order, on May 12, 2020, the Court granted the Amended Order Granting Preliminary Approval of Class Action Settlement Agreement (ECF No. 86). The Court certified two Settlement Classes for settlement purposes, appointed a Settlement Administrator, approved Plaintiffs as Settlement Class Representatives, and appointed Yongmoon Kim of the Kim Law Firm LLC as Settlement Class Counsel.

2. The Settlement Classes certified by the Court was defined as:

   **Class A (Twyman)**: All natural persons with addresses within the State of New Jersey against whom, beginning May 20, 2015 to December 31, 2016, Raymond Meisenbacher & Sons, Esqs., P.C., filed and served a complaint in attempts to collect a consumer debt on behalf of Retail Recovery Service of NJ, Inc.

   **Subclass A**: All members of Class A who paid any money or from whom Raymond Meisenbacher & Sons, Esqs., P.C., or Retail Recovery Service of NJ, Inc., collected any money.

   **Subclass B**: All members of Class B who did not pay any money or from whom Raymond Meisenbacher & Sons, Esqs., P.C., or Retail Recovery Service of NJ, Inc., did not collect any money.

   **Class B (Gallinat)**: All natural persons with addresses within the State of New Jersey against whom, beginning May 20, 2015 to December 31, 2016, Raymond Meisenbacher & Sons, Esqs., P.C., filed and served a complaint in attempts to collect a consumer debt on behalf of Surgical Specialists of North Jersey.

3. In compliance with the Class Action Fairness Act of 2005, Pub. L. No. 109-2, 119 Stat. 4, Defendants served notices of the proposed settlement on the appropriate Federal and State officials.

4. The Settlement Class database provided by Defendants to the Settlement Administrator ultimately included 782 persons (including Faith Twyman) who meet the

definition of Class A, 259 persons who meet the definition of Subclass A, 523 persons who meet the definition of Subclass B, and 60 persons (including Jorge Gallinat) who meet the definition of Class B, and Notice was mailed to those 842 members of the Settlement Classes.

5. The Settlement Administrator has reported to the Court that: the mailing was generally successful; that no Settlement Class member has raised an objection to the settlement; and that no Settlement Class member requested to be excluded from the Settlement Classes.

6. The Court has not received any objections to the settlement.

7. Plaintiffs now request final approval of the settlement.

8. The Court has considered the Settlement Agreement, the Brief and Declarations submitted in support of it, the accompanying documents, and the record.

**NOW, THEREFORE IT IS HEREBY ORDERED THAT:**

9. The Court has jurisdiction over the subject matter of this matter and over all parties hereto.

10. The application for Final Approval of the proposed settlement is GRANTED and the parties are hereby ordered to consummate the settlement according to the terms of the Settlement Agreement, and as set forth in this Order.

11. The Court finds that the settlement, on the terms and conditions set forth in the Settlement Agreement, filed as Exhibit A to the Kim Declaration, is fundamentally fair, reasonable, and adequate, and is in the best interests of the Settlement Class members, especially in light of the benefits achieved on behalf of them; the risk and delay inherent in litigation; and the limited amount of any potential recovery that could be shared by the Settlement Class members.

12. As set forth in paragraph 8(c) of the Settlement Agreement, Defendants shall fund the bank account to be established by the Settlement Administrator pursuant to the terms of the Settlement Agreement within thirty (30) days from the date this Order is entered.

13. Within forty (40) days of the date of this Order, the Settlement Administrator shall mail each Settlement Class member their check according to the formula and process set forth paragraph 9 of the Settlement Agreement.

14. As set forth in paragraph 9(f) of the Settlement Agreement, funds from uncashed checks shall be paid as a *cy pres* award to Northeast New Jersey Legal Services, Inc.

15. For efforts on behalf of the Class and to settle individual claims, Defendants shall pay $2,500.00 to Plaintiff Faith Twyman, and $2,500.00 to Plaintiff Jorge Gallinat in the manner set forth in paragraph 10 of the Settlement Agreement within seven (7) days of the date of this Order.

16. Upon entry of this Order and final approval of the settlement, Plaintiffs will release Defendants as follows:

> As a result of the settlement that has been approved in this matter, when this judgment becomes effective upon the Final Approval Date, the Plaintiffs, Jorge Gallinat and Faith Twyman, for themselves, their heirs, successors and assigns, executors, relatives, spouses, will be deemed to have released, and by operation of the Final Approval Order shall have fully, finally, and forever released, relinquished, remised, acquitted, and forever discharged Defendants, and each of Defendants' past or present officers, directors, members, shareholders, partners, employees, attorneys, accountants or auditors, consultants, legal representatives, predecessors, successors, parents, subsidiaries, divisions, and any entity that controls Defendants, or any one of them, separately or jointly, of and from any and all actions, causes of action, suits, claims, defenses, covenants, controversies, agreements, promises, damages, judgments, demands, liabilities and obligations whatsoever, in tort, admiralty, law or in equity, under federal or state law for both known and unknown damages of whatever nature, Plaintiffs ever had, now have or hereafter shall or may have, or by reason of any matter, cause or thing whatsoever from

the beginning of the world to the day of the date of the final approval of this Settlement Agreement as against the Defendants.

17. Upon entry of this Order and final approval of the settlement, each member of the Settlement Class who has not been excluded will release Defendants as follows:

> As a result of the settlement that has been approved in this matter, when this judgment becomes effective upon the Final Approval Date, each member of the Settlement Classes, for themselves, their heirs, successors and assigns shall have jointly and severally remised, released, acquitted and forever discharged Defendants, including past and present partners, members, officers, directors, shareholders, employees, agents, successors and assigns of Defendants, of and from any and all actions, causes of action, suits, claims, defenses, covenants, controversies, agreements, promises, damages, judgments, demands, liabilities and obligations in law or in equity, arising out of, or related to the collection conduct alleged in the Amended Complaint (i.e., allegations of the lack of meaningful attorney involvement and the contractual attorney's fees sought in the collection actions) and all FDCPA claims related to the debts allegedly owed to Retail Recovery Service of NJ, Inc. (Class A), or Surgical Specialists of North Jersey (Class B). This release does not affect claims arising after the date of this Settlement Agreement, does not discharge any financial obligation as between debtor and creditor, nor does it release any claim for any other collection attempts on accounts not subject to the collection complaints.

18. Defendants shall pay Class Counsel's reasonable fees and costs in the amount of $72,000.00, which payment includes costs and expenses (excluding the expenses of the Settlement Administrator), time already spent and time to be spent attending hearings, and the monitoring of the settlement. This amount does not include any time, if necessary, to enforce any breach of the settlement agreement. The fees are in addition to the settlement benefits each Settlement Class member will be receiving and are the sole property of Class Counsel, not Plaintiffs or the class. The Court finds that this award, including the hourly rates and time expended, is fair and reasonable. Payment of Class Counsel's attorney's fees and costs shall be made and allocated pursuant to the terms of the Settlement Agreement.

19. Final Judgment is hereby entered in this action, consistent with the terms of the Settlement Agreement.

20. This Action against the Defendants is hereby dismissed with prejudice, but the Court shall retain exclusive and continuing jurisdiction over the action and all parties to interpret and enforce the terms, conditions and obligations of this Settlement Agreement.

**IT IS SO ORDERED.**

Dated:   7/23/2020

*Steve Mannion, USMJ*
HONORABLE STEVEN C. MANNION
UNITED STATES MAGISTRATE JUDGE